# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

In Re: Indymac Bancorp Inc

Plaintiff(s),

v.

Defendant(s).

CASE NUMBER:

CV 11-02600 RGK

**ORDER RE TRANSFER PURSUANT
TO GENERAL ORDER 08-05
( Related Cases)**

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar pursuant to General Order 08-05.

_____ 
*Date*

George H. Wu
*United States District Judge*

TRANSFER ORDER
DECLINED

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

*see attached memorandum.*

April 7, 2011
*Date*

George H. Wu
*United States District Judge*

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____ CV 07-01635 GW (VBKx) _____ and the present case:

☑ A.  Arise from the same or closely related transactions, happenings or events; or
☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.
☐ E.  Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge_____ to Magistrate Judge _____.

TRANSFER ORDER
DECLINED

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☑ Western  ☐ Southern  ☐ Eastern Division.

**Traditionally filed subsequent documents must be filed at the  ☑ Western  ☐ Southern  ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.**

*cc:*  ☐ *Previous Judge*   ☐ *Statistics Clerk*

CV-34 (05/08)          ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 ( Related Cases)

I.    Reese v. IndyMac Financial, Inc., Case No. CV 07-1635, is a class action initially filed on March 12, 2006 against defendants IndyMac Financial, Inc., Michael W. Perry (Chairman of the Board of Directors and Chief Executive Officer of IndyMac Bancorp, Inc. ("IndyMac"), which is alleged to be holding company for IndyMac Bank, F.S.B.), Scott Keys (IndyMac's Executive Vice President and Chief Financial Officer) and Richard H. Wohl (IndyMac's President) claiming violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and breach of fiduciary duty. At this time, the operative pleading is the Sixth Amended Class Action Complaint where the remaining defendants are IndyMac and Perry, and where the class claims cover two alleged violations of Sections 10(b) and 20(a) in regards to purchases of IndyMac common stock from January 26, 2006 through March 1, 2007.

II.    XL Specialty Insurance Co. v. Perry, Case No. CV 11-2078, is apparently an action brought by four insurance companies (that issued "Side A" insurance to IndyMac directors, officers and/or members of the Board of Management for periods between March 1, 2007 to April 1, 2009) seeking declaratory relief as to their obligations under the issued policies. It is alleged that said policies excluded coverage "for any claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving the [CV 07-1635] litigation or any fact, circumstance, situation, event, transaction or series of facts, circumstances, situations, events or transactions underlying or alleged in [that litigation]." Paragraph 5 of the Complaint asserts that:

After the policies incepted, many additional demands, lawsuits and/or civil proceedings were initiated against IndyMac's former officers and directors, including the following "Underlying Matters":

- Five class action lawsuits filed in the United States District Court for the Central District of California (later consolidated into one suit originally styled *Folsom* v. *IndyMac Bancorp, et al.,* No. 08-cv-3812), alleging that the defendants failed to enforce internal controls and applied a business model geared towards originating as many loans as possible by disregarding applicable underwriting standards (the "Daniels Litigation");
- A lawsuit filed on January 29, 2009, in the Los Angeles Superior Court styled *IBEW Local 103* v. *IndyMac Bank MBS, Inc.,* Case No. BC405843, and two lawsuits filed in the Southern District of New York by purchasers of mortgage backed securities *(Police & Fire Retirement System of Detroit* v. *IndyMac MBS, Inc., et al.,* 09-cv-4583 and *Wyoming State Treasurer, et al.* v. *Glinski, et al.,* 09-cv-5933) alleging that defendants failed to disclose the fact that they did not adhere to the applicable underwriting standards in an attempt to originate more loans (the "MBS Litigation");
- A March 27, 2009 demand for payment of civil damages by the FDIC for losses sustained as a result of defendants' failure to properly underwrite and manage loans (the "FDIC Letter");
- A lawsuit filed on July 2, 2010, styled *FDIC* v. *Van Dellen, et al.,* 2:10-cv4915-DSF-SH (C.D. Cal.), alleging that the defendants pursued a

-1-

negligent growth strategy and engaged in negligent underwriting practices (the "FDIC Litigation");

- An adversary proceeding brought on November 13, 2009, within IndyMac's bankruptcy matter, styled *Siegel* v. *Caldera, et al.,* 2:09-ap-2645-BB (C.D. Cal. Bankr.), alleging that defendants failed to repair poor underwriting standards in favor of a blind and aggressive push for short term profits and permitted the defendants to contribute capital to the IndyMac Bank, despite knowledge that the bank was on an unsustainable path (the "Siegel Litigation");

- A lawsuit filed on September 22, 2009, styled *MBIA Insurance Corp. v. IndyMac ABS, Inc., et al.,* BC422358 (Cal. Sup. Ct.) alleging that defendants falsely represented that they originated mortgage loans in strict compliance with the applicable underwriting guidelines (the "MBIA Litigation"); and,

- A lawsuit filed on September 17, 2010, styled *Assured Guaranty Municipal Corp. v. UBS Securities LLC, et al.,* BC445785 (Cal. Sup. Ct.) alleging that defendants falsely represented that they originated mortgage loans in strict compliance with the applicable underwriting guidelines (the "Assured Guaranty Litigation").

Copies of the Plaintiffs' Side A policies are attached to the Complaint as Exhibits A through D. They all contain language indicating that they are "claims made" policies[1] where the insurer does not have any duty to defend any insured and/or that the insurer has contracted to only provide excess insurance. See Complaint at pages 37, 72, 90, 105 and 108.

III.    In Re: IndyMac Bancorp, Inc., Case No. CV 11-2600, arises from the voluntary Chapter 7 bankruptcy petition filed by IndyMac. See Bankruptcy Case No. 2:08-bk-21752-BB. In that matter, the Chapter 7 Trustee has brought a declaratory judgment action (see Adv. Pro. No. 2:-11-ap-01443-BB) seeking "to determine whether certain directors and officers insurance policies issued by [certain Defendant Insurance Carriers] for the policy year March 1, 2008-April 1, 2009 (the '08-09 D&O Policies') provide coverage for claims that the Trustee himself asserted in an earlier [adversarial proceeding] against certain of [IndyMac's] former directors . . . ." The CV 11-2600 lawsuit has been brought by the Defendant Insurance Carriers pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of the adversary proceeding (2:11-ap-01443-BB) and to have that dispute decided in the District Court.

In Re: IndyMac Bankcorp, Inc., Case No. CV 11-2605 is a similar lawsuit brought by the Insurance Carriers who are the plaintiffs in the XL Specialty Insurance Co. case to likewise withdraw the reference of the adversary proceeding No. 2:11-ap-01443-BB as to them from the

---

[1] A "claims made" policy covers only those (usually written) demands that are actually made upon the insured during the specified period covered by the policy. See generally Crosky, Heeseman, Popik & Imre, California Practice Guide: Insurance Litigation § 7:79 at 7A-29 (The Rutter Group 2010). A claim is made upon an insured when he or she receives the demand or learns of it. Id., § 7:86 at 7A-33. However, if no demand is made, a mere accusation of misconduct or threat of legal action is not a "claim." Id., § 7:90 at 7A-37.

Bankruptcy Court and to the District Court.

IV.     Upon review, this Court concludes that the lawsuits seeking the withdrawal of the adversary proceedings from the Bankruptcy Court are not sufficiently related to <u>Reese v. IndyMac Financial, Inc.</u>, Case No. 07-1635, under Section 5 of General Order 08-05. The <u>Reese</u> and the reference withdrawal cases do not arise from the same or closely related transactions, happenings or events; call for a determination of the same or substantially related or similar questions of law and fact; or for other reasons would entail a <u>substantial</u> duplication of labor if heard by different judges. As characterized on page 7 of the Complaint in Case No. CV 11-2605, the reference withdraw action concerns "a state law contract dispute involving policy proceeds in which IndyMac's Estate has no interest."

V.     There is some overlap between the <u>XL Specialty Insurance</u> and <u>Reese</u> cases. However, it is not substantial enough to justify relating the matters.
        The four Plaintiffs in <u>XL Specialty Insurance</u> seek a declaration that they are not obligated to the 21 named defendants for insurance coverage in regards to the seven cited "Underlying Matters" because their issued policies specifically excluded coverage for matters arising from, related to or involving claims in the <u>Reese</u> lawsuit and/or the facts, circumstances or events underlying or alleged in that case. Therefore, some familiarity with <u>Reese</u> will be required in order to resolve this case. Additionally, however, the same degree of familiarity will also be required as to the seven Underlying Matters which will have to be examined for their direct and indirect connection to the <u>Reese</u> litigation.
        Moreover, the <u>Reese</u> case does not cover all possible allegations of wrongful or improper conduct that have been (or could be) leveled against IndyMac, its officers and directors. <u>Reese</u> is limited to securities claims under the 1934 Act. Thus, not every conceivable claim against those persons would be related under Section 5 of General Order 08-05. For example, in the "Underlying Matter" of <u>FDIC v. Van Dellen</u>, Case No. CV 10-4915, no party or judicial officer believed that the claims therein were sufficiently connected to <u>Reese</u> to warrant a request to transfer under General Order 08-05.
        Furthermore, at this time, only one individual officer/director remains as a defendant in the <u>Reese</u> case (<u>i.e.</u> Michael W. Perry). Therefore, initial and new inquiries will have to be made as to at least 17[2] other defendants, apart from what has already taken place in the <u>Reese</u> case.
        Lastly, and ultimately, the <u>XL Specialty Insurance</u> case will have to be decided based on insurance/contract law and not on the Securities Act of 1934.

---

[2] Previously, IndyMac officers Scott Keys, Richard H. Wohl and S. Blair Abernathy were named as defendants in one or more of the prior iterations of the complaint in <u>Reese</u>. However, they have since been dismissed.

-3-